In the Matter of Frank Thomas McLEAN and Mary June McLean, Debtors.

COMMERCE BANK OF JOPLIN, Plaintiff,

v.

Frank Thomas McLEAN and Mary June McLean, Defendants.

Bankruptcy No. 81–00310–SW–13.
Adv. No. 81–1982–SW–13.

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Dec. 29, 1981.

Ron Mitchell, Joplin, Mo., for plaintiff.

James F. B. Daniels, Joplin, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT CONDITIONALLY DENYING PLAINTIFF'S COMPLAINT FOR RELIEF FROM THE AUTOMATIC STAY

DENNIS J. STEWART, Bankruptcy Judge.

In their plan of arrangement under chapter 13 filed on February 2, 1981, the debtors Frank Thomas McLean and Mary June McLean, proposed to pay the secured claimant Commerce Bank of Joplin the sum of $4,915.68 at the rate of $137.00 per month. It was admitted by them in the schedules filed with the plan that the value of the collateral, a Datsun truck, was $5,220.00 and thus in excess of the balance due to the Commerce Bank of Joplin.

The claim which was filed by the Commerce Bank of Joplin on March 6, 1981, was more generous to the debtors in many respects, claiming $4,237.52 as a principal balance and a value of $4,300.00 for the automobile, but also claiming that the contractual rate of payment is $148.96 monthly.

As is here material, the course of these chapter 13 proceedings have been marked to two events, (1) a motion for temporary reduction of total payments into the plan, filed on November 2, 1981, from $220 per month to $100 per month (on the ground that "at present the business of McLean Roofing Company is idle, and that accordingly, the debtors now derive their income from occasional day labor and from funds received for caring for foster children"), which was provisionally granted "until April 1982" by the court order of November 9, 1981, and (2) upon objection to that order filed by the Commerce Bank of Joplin (to the effect that "the collateral for said payments is depreciating at a substantially faster rate than $100.00 per month"), the debtors have proposed to increase the total monthly payment into the plan to $170.00.

In addition to objecting to the proposed reduction of monthly payments into the plan, the claimant Commerce Bank of Joplin, on November 17, 1981, filed its complaint in this adversary action requesting

reclamation of the collateral, a 1980 Datsun 210, serial number WHLB310–080152. On proper advance notice, a hearing was conducted by the court of bankruptcy in Joplin, Missouri, on December 4, 1981. Thereupon, the plaintiff appeared by counsel, Ron Mitchell, Esquire, and the defendant Mary June McLean appeared personally and by counsel. James F. B. Daniels, Esquire.

At the outset of the hearing, defendants orally and in writing moved to dismiss this action for alleged insufficiency of service of process, stating that "neither Defendants nor their counsel as designated agent have been properly served with summons and complaint as required under Rule 704 of the Federal Rules of Bankruptcy Procedure." It was not claimed that the defendants had not been sufficiently apprised of the contents of the plaintiff's complaint, however, nor that the defendants do not have actual knowledge thereof, nor that they have not previously submitted to the jurisdiction of this court by seeking relief under chapter 13 of the Bankruptcy Code, nor that any prejudice has been wrought by the failure to confer formal service of process. Therefore, the motion to dismiss was orally denied by the court at the commencement of the hearing of December 4, 1981.

In the hearing which then ensued, it was sufficiently demonstrated by the admissible evidence of record that the plaintiff has a valid and perfected security interest in the 1980 Datsun; that the value of the vehicle is depreciating at an undetermined rate; that $4,237.52 is the principal balance due to the plaintiff; and that the vehicle currently has a wholesale price value of $4,250 and a retail, fair market value of $5,100.

Thus, under any view of the evidence, the fair market value of the collateral exceeds the balance due to the plaintiff. Under such circumstances, it seems clear from the Bankruptcy Code's plain command that a secured creditor receive under a chapter 13 plan the full value of his claim "as of the effective date of the plan" (Section 1325(a)(4) of the Bankruptcy Code), that an oversecured creditor must receive the full balance due it. Further, he is to receive the

"indubitable equivalent" of this value, within the meaning of § 361(3). And, under § 506(b) of the Code, this means, *inter alia,* that an oversecured creditor must be paid the balance due plus "interest on such claim" up to the value of the security. The legislative history under that section makes it clear that interest is to be paid at the contract rate. In this case, the principal balance plus interest at the contract rate is a sum less than the value of the collateral. Under such circumstances, the foregoing principles make it clear that an oversecured creditor must be paid the balance due him and interest at the contract rate, i.e., payments according to the contract.

The debtors, however, contend that they may reduce the contract rate so long as they propose to pay, over the life of the plan, the full contract total. But this is so, under the foregoing principles, only if additional interest is paid to compensate the secured creditor for the loss of use of the money which it would have had sooner under the contract. Otherwise, it cannot be said that he is being granted the "indubitable equivalent" of his claim as of "the effective date of the plan."

It is therefore, for the foregoing reasons,

ORDERED AND ADJUDGED that the plaintiff's complaint for relief from the automatic stay be, and it is hereby, denied on condition that, within 20 days from the date of entry of this order, the debtors plan of arrangement is amended in writing to increase payments into the plan so that plaintiff is paid thereunder either according to the contract rate or additional interest at the contract rate on that part of each contract installment which is not paid when due under the contract until the date actually paid.